IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.M.,

    Plaintiff,

vs.CIV 18-1120 SCY/KK

THE UNITED STATES OF AMERICA
and RICHARD METH,

    Defendants.

## ORDER GRANTING IN PART DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant United State of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 28, filed June 19, 2019, and fully briefed August 15, 2019. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P 73(b), the parties have consented to have me serve as the presiding judge and enter a final judgment. Docs. 14, 15, 16, 17. Having considered the parties' arguments and all relevant authority, the Court grants in part Defendant United States' Motion to Dismiss and dismisses Count I of Plaintiff's Complaint.

Plaintiff alleges that she sought psychological treatment through the VA Health Care System, which set her up with Defendant Richard Meth. Doc. 1 ¶¶ 10-12 (Complaint). She alleges that over the course of her treatment, Defendant Meth "breached professional boundaries as a therapist and inappropriately touched" her. Doc. 1 ¶ 17. Plaintiff filed suit against the United State of America and Mr. Meth under the Federal Tort Claims Act ("FTCA"). Doc. 1 ¶ 3. The Complaint brings two counts: (1) negligence against Defendant United States; and (2) professional negligence against Defendant Meth. Doc. 1.

The United States now moves to dismiss Count I, arguing that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her Count I claims by failing to provide the United States with notice of the claims. Both Plaintiff and Defendant Meth agree to the dismissal of Count I. Doc. 36 ("Plaintiff agrees to dismiss Count I of her Complaint for negligent supervision of Defendant Meth by the United States.")[1]; Doc. 37 at 1 ("Plaintiff has agreed to voluntarily dismiss Count I (Negligence of Defendant USA) from her lawsuit."); Doc. 35 at 2 ("Defendant [Meth] does not oppose dismissal of Count I against USA."). Accordingly, the Court will dismiss Count I without prejudice.[2]

Defendant United States further asserts that because Count I contains the only claims brought against it, the Court should grant judgment in its favor and dismiss it from this lawsuit. Defendant Meth, however, objects to dismissal of the United States from this case, arguing that Count II also applies to the United States. Indeed, while Count II alleges professional negligence against Defendant Meth, it also alleges that "Defendant USA is vicariously liable for all of Defendant Richard L. Meth's negligence." Doc. 1 ¶ 50. Defendant United States contends that because it has declined to certify Defendant Meth "as a federal employee acting within the scope of his employment," it has not substituted for Defendant Meth and the claims in Count II do not apply to it. Doc. 43 at 2. While this may be accurate for the claims alleged against Defendant

---

[1] Among the duties Plaintiff alleges in Count I that Defendant United States breached are the duty to keep the premises reasonably safe; to hire, train, and supervise its agents and employees; and to deliver care and services to patients in a safe and beneficial manner. Doc. 1 ¶¶ 28-32. Although some of these claims could theoretically fall outside the umbrella of negligent supervision, the specific conduct Plaintiff alleges appears to relate only to negligent supervision. Doc. 1 ¶ 33. Further, Plaintiff unambiguously agrees to "voluntarily dismiss Count I . . . ." Doc. 37 at 1. Therefore, the Court grants dismissal of Count I in its entirety.

[2] "Jurisdictional dismissals ordinarily should be entered without prejudice." *Barnes v. United States*, 776 F.3d 1134, 1151 (10th Cir. 2015) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)).

Meth, this argument does not account for Plaintiff's additional allegation that Defendant United States is "vicariously liable" for Mr. Meth's conduct. Doc. 1 ¶ 50. In other words, Defendant United States has not presently moved to dismiss the vicarious liability claim brought against it. *See* Doc. 43 at 2 ("[T]he United States' Motion is limited to Count I, the only claim asserted in the Complaint against the United States."). Therefore, the Court declines to dismiss Defendant United States from this lawsuit. To the extent the United States argues it is not vicariously liable for Mr. Meth's conduct, it should file a motion addressed to this issue rather than addressing it in a reply brief. *Cf.* Doc. 43 at 2-3.

For the above stated reasons, Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 28) is GRANTED IN PART as follows:

1) Count I of Plaintiff's Complaint is dismissed without prejudice.

2) Defendant United States is not dismissed from the case.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent